JANVIER, Judge.
The motor vehicle collision from which this litigation results took place at about 5:45 in the morning of April 25, 1966, in the intersection of Danneel and Fourcher Streets, in New Orleans.
The vehicles were a 1960 Chevrolet sedan, which was owned and was being driven by Hardy Carey in an uptown direction on Danneel Street, a one-way street, in the direction in which Carey was going, and a closed body van truck, which was owned by defendant, Electric Delivery System, and was being operated by its employee, Robert J. Williams, in the course of his employment. This truck was being driven towards Lake Pontchartrain on Fourcher Street, which was a two-way street. The vehicles came into contact in the intersection, the Chevrolet of Carey striking the right side of the truck near its rear end.
It is conceded that the cost of making the repairs to the Chevrolet of Carey was $385.-00 and that Carey had secured from the plaintiff, South Lloyds Insurance Company, a policy of insurance known as a collision policy, under which the said insurer had agreed that should the Chevrolet be damaged in collision, it would pay the cost of said *826 repairs after the deduction of $50.00, which was the amount which Carey himself must pay. The insurer paid $335.00 of the cost of repairs and, having been subrogated to the rights of Carey, brought this suit against the owner of the truck, alleging that the accident had been caused solely by negligence of the driver in operating it at too high a rate of speed; in failing to accord the right of way to Carey who was approaching the intersection from the right of the truck; in failing to drive in accordance “with prevailing physical conditions,” and in failing to have the truck under proper control.
Carey did not join as plaintiff in the suit, thus making no effort to collect the $50.00 which he himself had paid.
The defendant denied all negligence on the part of the driver of the truck, and, in the alternative, alleged that Carey himself had been guilty of contributory negligence in driving at an excessive speed; in failing to yield the right of way to the truck; in failing to maintain a proper lookout, and generally in failing to exercise proper care.
There was judgment dismissing the suit and plaintiff has appealed.
While there is testimony which is slightly in conflict, the record leaves no doubt at all that had either driver exercised the slightest degree of prudence, the collision would not have occurred.
The driver of the truck was operating it at a speed slightly in excess of the 20 mile per hour limit fixed by City Ordinance. He says that he was driving at a speed of between 20 and 25 miles an hour. It is shown that the street was in rather poor condition and that even a speed of 20 miles an hour would have required that considerable care be exercised.
Carey was on a one-way street on which there was ordinarily more traffic than there was on Foucher Street. Yet it was his duty to exercise at least ordinary care.
He obviously was not looking out for vehicles which might be crossing ahead of him as he did not see the truck until he was about ten feet from the intersection, and it must have already entered the intersection since it had almost gone by when his Chevrolet struck it on the side very near to its rear end. It was then that he says that he applied the brakes, and the record shows that the car then slid or skidded about ten feet and then struck the truck near its rear end.
It seems clear that Carey himself was not free from fault, and that his fault was a contributing cause of the accident.
The trial judge was asked to put his reasons in writing, and he did so, concluding with the following statement:
“The court is of the opinion that there was negligence on the part of Robert Williams, the driver of the Electric Delivery System’s truck and contributory negligence on the part of Hardy Carey, the driver of the car insured by plaintiff herein and therefore estopps plaintiff herein to be awarded damages.”
We think the record justifies this conclusion.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.